UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJIA AYOBI,<br><br>        Plaintiff,<br><br>    v.<br><br>DERRAL G. ADAMS, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-00693-SAB (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>[ECF No. 1]<br><br>THIRTY DAY DEADLINE |

Plaintiff Shajia Ayobi is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 1, 2017. Local Rule 302.

Currently before the Court is Plaintiff's amended complaint, filed May 19, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is

1

entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of Central California Women's Facility ("CCWF") in Chowchilla, California.  Plaintiff brings this civil rights action against Defendant B. Showalter, for failing to provide adequate medical care and against Defendant Warden Darrel G. Adams, for failing to supervise Defendant Showalter.  Plaintiff is seeking compensatory and punitive damages on the grounds of severe emotional distress.

Plaintiff alleges that Defendant Showalter was her Primary Care Physician during the relevant times and failed to properly prescribe Plaintiff cholesterol medication that would not cause serious and permanent side effects. Throughout the course of Plaintiff's medical treatment, Defendant Showalter prescribed Lipitor to help reduce and control Plaintiff's cholesterol.  From the initial visitation, Plaintiff was hesitant about taking prescribed medication, being aware of Lipitor's possible side effects and pending lawsuits against the manufacturer.  Upon being prescribed Lipitor by Defendant Showalter, Plaintiff made her concerns known and questioned the direction of her medical treatment.

Plaintiff was informed by Defendant Showalter that some of the claims of possible side effects are simply not true. Defendant Showalter proceeded to discuss Plaintiff's possible side effects, explaining she may experience some pain and discomfort in her arms and knees. Defendant Showalter's assurance prompted Plaintiff to take the prescribed medication. After beginning her course of treatment, Plaintiff began experiencing pain in her arms and legs, which limited her daily activities. This prompted Plaintiff to schedule another doctor visit, where Defendant Showalter ordered lab work.

Prior to receiving the results, Defendant Showalter called Plaintiff into her office attempting to subdue Plaintiff's concerns about taking Lipitor. Defendant Showalter explained that only patients who have a family history of diabetes have a potential risk of being diagnosed with Type II diabetes on this medication. Plaintiff replied that Defendant was aware of her family history of diabetes. Plaintiff alleges that Defendant Showalter acted with deliberate indifference by knowingly and intentionally prescribing Lipitor to Plaintiff knowing of her family history of diabetes. Defendant Showalter instructed Plaintiff to stop taking the medication, but Plaintiff asserts it was too late as the damage was already done. Once the lab results returned, Plaintiff's suspicions were confirmed; the medication had caused her to become a Type II diabetic. As a result, Plaintiff is currently taking 500 mg of Metformin twice a daily and Niacin, which is known to be hard on the liver and kidneys. Plaintiff reasons, Defendant Showalter is responsible for her injuries, and if not for Defendant Showalter prescribing Lipitor, Plaintiff would not have become a Type II diabetic.

### III.

### DISCUSSION

#### A.    Linkage Requirement

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To

state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff names Defendant Adams as a defendant in this action; however the complaint is devoid of any factual allegations regarding any conduct by Defendant Adams. Rather, it appears that Plaintiff seeks to hold Defendant Adams liable based upon his position as warden at CCWF. As there is no respondeat superior liability under section 1983, Plaintiff has failed to state a claim against Defendant Adams and Defendant Adams is subject to dismissal for failure to state a cognizable claim.

### B.     Medical Indifference

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

Negligence or medical malpractice does not rise to the level of deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See

Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); accord Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm, 680 F.3d at 1122-1123. To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted); accord Snow, 681 F.3d at 987-88.

At the pleading stage, Plaintiff's allegation that Defendant Showalter intentionally prescribed medication that caused serious and permanent side effects supports a cognizable claim under the Eighth Amendment. Plaintiff maintains that by prescribing Lipitor Defendant Showalter acted with deliberate indifference. Plaintiff alleges that she told Defendant Showalter that she was apprehensive about taking the medication and that Plaintiff had a family medical history of diabetes. Plaintiff also contends that Defendant Showalter knew that the manufacturer has pending lawsuits due to patients that have taken the medication and who are susceptible to diabetes and are now being diagnosed with Type II diabetes. Plaintiff's allegation that Defendant Showalter prescribed a medication knowing it was contraindicated by Plaintiff's family history, and Plaintiff developed the side effect, is sufficient to state a claim that Defendant Showalter was deliberately indifferent in violation of the Eighth Amendment.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states cognizable claim against Defendant Showalter for deliberate indifference in violation of the Eighth Amendment. Plaintiff's complaint fails to state any other cognizable claims as Plaintiff has not sufficiently alleged facts for her civil rights violation against Defendant Adams. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this

suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims for deliberate indifference under the Eight Amendment, Plaintiff may so notify the Court in writing, and the Court will dismiss the other claims, and will forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, her amended complaint should be brief.  Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' " "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

/ / /

/ / /

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that she does not wish to file an amended complaint and wishes to proceed only against Defendant Showalter on her Eighth Amendment claim for deliberate indifference; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: __**July 14, 2017**__

UNITED STATES MAGISTRATE JUDGE