| | |
|---|---|
| | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAJIA AYOBI, | ) Case No.: 1:17-cv-00693-SAB (PC) |
| Plaintiff, | ) ORDER DIRECTING OFFICE OF THE CLERK TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | ) |
| DERRAL G. ADAMS, et al., | ) FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT ADAMS |
| Defendants. | ) |
| | ) [ECF Nos. 7, 8] |

Plaintiff Shajia Ayobi is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff consented to United States Magistrate Judge jurisdiction on June 1, 2017. (ECF No. 5.) To date, Defendant has not consented or declined to United States Magistrate Judge jurisdiction.

On August 14, 2017, the Court found that Plaintiff's first amended complaint stated a cognizable claim against Defendant Showalter for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and dismissed Defendant Adams for failure to state a cognizable claim for relief. (ECF No. 8.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

///

///

1

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the Court did not have jurisdiction to dismiss the claims in its August 14, 2017 order.

Based upon the foregoing, the undersigned will now recommend to the District Judge that this case continue to proceed only on Plaintiff's cognizable claims, and that the claims described below be dismissed, for the reasons explained herein.[1]

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow

---

[1] The Court notes that filed on December 4, 2017, Plaintiff's motion to amend the complaint was denied, without prejudice. (ECF No. 15.)

2

the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of Central California Women's Facility ("CCWF") in Chowchilla, California. Plaintiff brings this civil rights action against Defendant B. Showalter, for failing to provide adequate medical care and against Defendant Warden Darrel G. Adams, for failing to supervise Defendant Showalter. Plaintiff is seeking compensatory and punitive damages.

Plaintiff alleges that Defendant Showalter was her Primary Care Physician during the relevant times and failed to properly prescribe Plaintiff cholesterol medication that would not cause serious and permanent side effects. Throughout the course of Plaintiff's medical treatment, Defendant Showalter prescribed Lipitor to help reduce and control Plaintiff's cholesterol. From the initial visitation, Plaintiff was hesitant about taking prescribed medication, being aware of Lipitor's possible side effects and pending lawsuits against the manufacturer. Upon being prescribed Lipitor by Defendant Showalter, Plaintiff made her concerns known and questioned the direction of her medical treatment. Plaintiff was informed by Defendant Showalter that some of the claims of possible side effects are simply not true. Defendant Showalter proceeded to discuss Plaintiff's possible side effects, explaining she may experience some pain and discomfort in her arms and knees. Defendant Showalter's assurance prompted Plaintiff to take the prescribed medication. After beginning her course of treatment, Plaintiff began experiencing pain in her arms and legs, which limited her daily activities. This prompted Plaintiff to schedule another doctor visit, where Defendant Showalter ordered lab work.

Prior to receiving the results, Defendant Showalter called Plaintiff into her office attempting to subdue Plaintiff's concerns about taking Lipitor. Defendant Showalter explained that only patients who have a family history of diabetes have a potential risk of being diagnosed with Type II diabetes on this medication. Plaintiff replied that Defendant was aware of her family history of diabetes.

3

Plaintiff alleges that Defendant Showalter acted with deliberate indifference by knowingly and intentionally prescribing Lipitor to Plaintiff knowing of her family history of diabetes. Defendant Showalter instructed Plaintiff to stop taking the medication, but Plaintiff asserts it was too late as the damage was already done. Once the lab results returned, Plaintiff's suspicions were confirmed; the medication had caused her to become a Type II diabetic. As a result, Plaintiff is currently taking 500 mg of Metformin twice a daily and Niacin, which is known to be hard on the liver and kidneys.

## III.

## DISCUSSION

### A.  Deliberate Indifference to a Serious Medical Need

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

Negligence or medical malpractice does not rise to the level of deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).

Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); accord Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm, 680 F.3d at 1122-1123. To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted); accord Snow, 681 F.3d at 987-88.

At the pleading stage, Plaintiff's allegation that Defendant Showalter intentionally prescribed medication that caused serious and permanent side effects supports a cognizable claim under the Eighth Amendment. Plaintiff maintains that by prescribing Lipitor Defendant Showalter acted with deliberate indifference. Plaintiff alleges that she told Defendant Showalter that she was apprehensive about taking the medication and that Plaintiff had a family medical history of diabetes. Plaintiff also contends that Defendant Showalter knew that the manufacturer has pending lawsuits due to patients that have taken the medication and who are susceptible to diabetes and are now being diagnosed with Type II diabetes. Plaintiff's allegation that Defendant Showalter prescribed a medication knowing it was contraindicated by Plaintiff's family history, and Plaintiff developed the side effect, is sufficient to state a claim that Defendant Showalter was deliberately indifferent in violation of the Eighth Amendment.

**B.     Supervisory Liability**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or

5

federal law. Long, 442 F.3d at 1185. There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff names Defendant Warden Adams as a Defendant in this action; however the complaint is devoid of any factual allegations regarding any conduct by Defendant Adams. Rather, it appears that Plaintiff seeks to hold Defendant Adams liable based upon his position as warden at CCWF. As there is no respondeat superior liability under section 1983, Plaintiff has failed to state a claim against Defendant Adams and Defendant Adams must be dismissed for failure to state a cognizable claim.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action on Plaintiff's claims for monetary damages against Defendant Showalter for deliberate indifference to a serious medical need;

2. Defendant Warden Adams be dismissed from the action for failure to state a cognizable claim for relief; and

3. The Office of the Clerk is directed to randomly assign this action to a District Judge.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///
///
///
///
///

6

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 4, 2017**__

_____
UNITED STATES MAGISTRATE JUDGE