# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJIA AYOBI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-00693-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING APPOINTED COUNSEL<br><br>[ECF No. 18] |

Plaintiff Shajia Ayobi is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion seeking the appointment of counsel, filed on December 21, 2017. In the motion, Plaintiff states that she is limited because English is her second language, and that she cannot afford an attorney, but is in need of one to assist her with discovery and negotiating. (ECF No. 18.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent her pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims pro se in light of the complexity of

1

the legal issues involved." Id. (internal quotation marks and citations omitted). The test for exceptional circumstances requires the court to evaluate a plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In this case, the Court does not find the exceptional circumstances necessary to request volunteer counsel at this time. The Court does not find the legal issues here to be particularly complex. The record reflects that Plaintiff can adequately articulate her claim, and as a result the undersigned has recommended that this case proceed on Plaintiff's claim for monetary damages for deliberate indifference to a serious medical need. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate [her] claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")

Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **December 27, 2017**

_____
UNITED STATES MAGISTRATE JUDGE