UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJIA AYOBI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00693-DAD-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>[ECF No. 19] |

Plaintiff Shajia Ayobi is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend, filed December 21, 2017.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding against Defendant Barbara Showalter for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On November 6, 2017, Defendants filed an answer to the complaint. (ECF No. 12.) On November 8, 2017, the Court issued the discovery and scheduling order. (ECF No. 13.)

On December 4, 2017, the Court denied, without prejudice, Plaintiff's motion to file a second amended complaint.

///

1

As previously stated, on December 21, 2017, Plaintiff filed a motion for leave to file a second amended complaint, along with a copy of the proposed second amended complaint which was lodged by the Court. Defendant did not file an opposition and the time period to do so has expired. Accordingly, Plaintiff's motion to amend is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Plaintiff seeks to amend the complaint because she has obtained the assistance of another person. Plaintiff's proposed second amended complaint sets forth in factual detail the allegations against Defendant Showalter that Lipitor was improperly prescribed to treat Plaintiff's high level of

cholesterol despite the fact Showalter was made aware that Plaintiff has a family history of diabetes-a known cause of Lipitor, which lead to Plaintiff developing diabetes. The claim is the same as that presented in the first amended complaint, except with further factual details. Thus, the factual allegations in the proposed second amended complaint do not change the nature of this action against Defendant Showalter. The Court finds that Plaintiff's motion to amend is not untimely, there does not appear to be any undue delay or bad faith on the part of Plaintiff in seeking amendment, and claim presented in the second amended complaint is not futile. Accordingly, Plaintiff's motion to amend the complaint shall be granted.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is GRANTED;

2. The Clerk of Court is directed to file the second amended complaint lodged on December 21, 2017 (Doc. No. 20), shall be filed as the operative complaint in this action; and

3. Within **twenty-one (21)** days from the date of service of this order, Defendant may file an amended answer if so desired.

IT IS SO ORDERED.

Dated: **January 18, 2018**

UNITED STATES MAGISTRATE JUDGE