1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAJIA AYOBI, | Case No.: 1:17-cv-00693-DAD-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO PRESERVE AND PRODUCE EVIDENCE |
| DERRAL G. ADAMS, et al., | [ECF No. 34] |
| Defendants. | |

Plaintiff Shajia Ayobi is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request to preserve and produce evidence, filed on September 18, 2018. Plaintiff seeks an order directing the California Department of Corrections and Rehabilitation to produce the video recording from the security cameras of the employee entrance to prove that Dr. Showalter was working on the date in question.

Plaintiff's request to seek a protective order to preserve certain evidence from destruction is not sufficient. Plaintiff's motion is essentially a request to preserve evidence. Plaintiff is advised that "[f]ederal courts have the implied or inherent power to issue preservation orders as part of their general authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" American LegalNet, Inc. v. Davis, 673 F.Supp.2d 1063, 1071 (C.D. Cal. 2009) (quoting

Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 135-36 (2004)). Plaintiff's motion is not premised on any showing that relevant and existing evidence is in danger of being destroyed, but on general request to preserve any potential evidence. Plaintiff has not shown that a preservation order is needed due to any actual risk that specific evidence will be lost or destroyed during the pendency of this action. Generalized, unsupported concerns simply to not suffice. American LegalNet, Inc., 673 F.Supp.2d at 1072. Furthermore, Defendants have a duty to preserve evidence. "A party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed." Leon v. IDX Systems Corp., 464 F.3d 951, 959 (9th Cir. 2006). Discovery in this action is ongoing and the discovery deadline is currently set for October 8, 2018. To the extent there is a dispute over whether certain evidence exists and/or should be disclosed, the proper procedural mechanism is to file a motion to compel. Accordingly, Plaintiff's motion to preserve and produce evidence is denied.

IT IS SO ORDERED.

Dated: **September 20, 2018**

UNITED STATES MAGISTRATE JUDGE