UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJIA AYOBI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-00693-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, WITHOUT PREJUDICE<br><br>[ECF No. 36] |

Plaintiff Shajia Ayobi is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed December 11, 2018.

This action is proceeding against Defendants Barbara Showalter for deliberate indifference to a serious medical need. On February 7, 2018, Defendant filed an answer to the complaint. On February 8, 2018, the Court issued the discovery and scheduling order. The current deadline for completion of all discovery, including motions to compel is January 11, 2019.

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rule 251; ECF No. 31, Discovery and Scheduling Order, ¶4. Further, where

1

otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the

Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Plaintiff has filed a one-page motion to compel discovery he claims to have propounded on October 4, 2018. Plaintiff seeks to compel a response to the discovery and to extend the discovery deadline. However, Plaintiff states only that Defendant "has not released any of the 5 requested items." (Mot. at 1.) Plaintiff's motion to compel is procedurally defective in that he failed to attach the relevant discovery requests for which he compels a response, and fails to demonstrate how such responses are inadequate. Plaintiff bears the burden of identifying which responses are in dispute and providing sufficient information so that Court can discern why he is challenging the responses. Once the Court has before it the requests and responses which are in dispute, it can reach the merits of Plaintiff's motion to compel and provide the parties with a final resolution regarding Plaintiff's discovery requests. Accordingly, Plaintiff's motion to compel is denied, without prejudice, to renewal prior to the discovery deadline. At the present time, the Court does not find it necessary to extend the discovery deadline which does not until January 11, 2019.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel, filed on December 11, 2018, is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 12, 2018**

UNITED STATES MAGISTRATE JUDGE