# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJIA AYOBI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BARBARA SHOWALTER,<br><br>　　　　　Defendant. | Case No.: 1:17-cv-00693-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, WITHOUT PREJUDICE, GRANTING EXTENSION OF DISCOVERY DEADLINE, AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 38] |

Plaintiff Shajia Ayobi is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, request for an extension of the discovery deadline, and request for appointment of counsel, filed December 26, 2018. Defendant did not file an opposition or statement of non-opposition and the time to do so has expired. Local Rule 230(l).

**I.**

**DISCUSSION**

**A.　Motion to Compel and Request to Extend Discovery Deadline**

This action is proceeding against Defendants Barbara Showalter for deliberate indifference to a serious medical need. On February 7, 2018, Defendant filed an answer to the complaint. On February

1

8, 2018, the Court issued the discovery and scheduling order. The current deadline for completion of all discovery, including motions to compel is January 11, 2019.

Plaintiff is proceeding pro se and she is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rule 251; ECF No. 26, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis

v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Plaintiff's motion to compel must be denied, without prejudice. Plaintiff has filed a three-page motion to compel discovery further responses to his discovery requests he claims to have received on December 17, 2018. Plaintiff seeks to compel a response to the discovery and to extend the discovery deadline. However, Plaintiff's motion to compel is procedurally defective in that she failed to attach the relevant discovery requests for which he compels a response, and fails to demonstrate how such responses are inadequate. Plaintiff bears the burden of identifying which responses are in dispute and providing sufficient information so that Court can discern why she is challenging the responses. Once the Court has before it the requests and responses which are in dispute, it can reach the merits of Plaintiff's motion to compel and provide the parties with a final resolution regarding Plaintiff's discovery requests. In addition, the Court will grant Plaintiff's request to extend the discovery deadline because such request is unopposed, and the discovery deadline will be extended an additional thirty days, and further extend the correlating dispositive motion deadline.

Plaintiff's second request for appointment of counsel must be denied, without prejudice. As Plaintiff was previously advised, she does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent her pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section

1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). The test for exceptional circumstances requires the court to evaluate a plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In this case, the Court does not find the exceptional circumstances necessary to request volunteer counsel at this time. The Court does not find the legal issues here to be particularly complex. The record reflects that Plaintiff has adequately articulated her claim and litigated this action to date. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate [her] claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Accordingly, Plaintiff's second motion for appointment of counsel is denied, without prejudice.

///
///
///
///
///
///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel is denied, without prejudice;
2. Plaintiff's request to extend the discovery deadline is granted;
3. The discovery deadline is extended to **February 25, 2019,** and the deadline to file a dispositive motion is extended to **March 25, 2019**; and
4. Plaintiff's second motion for appointment of counsel, is denied without prejudice.

IT IS SO ORDERED.

Dated: **January 23, 2019**

_____
UNITED STATES MAGISTRATE JUDGE