# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJIA AYOBI, | Case No.: 1:17-cv-00693-DAD-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| BARBARA SHOWALTER, | |
| Defendant. | [ECF No. 44] |

Plaintiff Shajia Ayobi is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion for summary judgment, filed March 25, 2019.

**I.**

**INTRODUCTION**

This action is proceeding against Defendant Dr. Barbara Showalter for deliberate indifference to a serious medical need. On February 7, 2018, Defendant filed an answer to the complaint. On February 8, 2018, the Court issued the discovery and scheduling order.

As previously stated, on March 25, 2019, Defendant Barbara Showalter filed a motion for summary judgment. Plaintiff filed an opposition on April 5, 2019, and Defendant did not file a reply.

Accordingly, Defendant's motion for summary judgment is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); <u>Washington Mut. Inc. v. U.S.</u>, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); <u>Carmen v. San Francisco Unified Sch. Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001); accord <u>Simmons v. Navajo Cnty., Ariz.</u>, 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, <u>Soremekun</u>, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d at 942 (quotation marks and citation omitted).

## III.

## DISCUSSION

**A.     Summary of Plaintiff's Complaint**

Plaintiff alleges that Defendant Showalter was her Primary Care Physician during the relevant times and failed to properly prescribe Plaintiff cholesterol medication that would not cause serious and permanent side effects. Throughout the course of Plaintiff's medical treatment, Defendant Showalter

2

prescribed Lipitor to help reduce and control Plaintiff's cholesterol. From the initial visitation, Plaintiff was hesitant about taking prescribed medication, being aware of Lipitor's possible side effects and pending lawsuits against the manufacturer. Upon being prescribed Lipitor by Defendant Showalter, Plaintiff made her concerns known and questioned the direction of her medical treatment. Plaintiff was informed by Defendant Showalter that some of the claims of possible side effects are simply not true. Defendant Showalter proceeded to discuss Plaintiff's possible side effects, explaining she may experience some pain and discomfort in her arms and knees. Defendant Showalter's assurance prompted Plaintiff to take the prescribed medication. After beginning her course of treatment, Plaintiff began experiencing pain in her arms and legs, which limited her daily activities. This prompted Plaintiff to schedule another doctor visit, where Defendant Showalter ordered lab work.

Prior to receiving the results, Defendant Showalter called Plaintiff into her office attempting to subdue Plaintiff's concerns about taking Lipitor. Defendant Showalter explained that only patients who have a family history of diabetes have a potential risk of being diagnosed with Type II diabetes on this medication. Plaintiff replied that Defendant was aware of her family history of diabetes. Plaintiff alleges that Defendant Showalter acted with deliberate indifference by knowingly and intentionally prescribing Lipitor to Plaintiff knowing of her family history of diabetes. Defendant Showalter instructed Plaintiff to stop taking the medication, but Plaintiff asserts it was too late as the damage was already done. Once the lab results returned, Plaintiff's suspicions were confirmed; the medication had caused her to become a Type II diabetic. As a result, Plaintiff is currently taking 500 mg of Metformin twice a daily and Niacin, which is known to be hard on the liver and kidneys.

**B.** **Statement of Undisputed Facts**

1. At all relevant times, Plaintiff Shajia Ayobi was incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") at Central California Women's Facility ("CCWF"). (Second Am. Compl., ¶¶ 3-5, ECF No. 24.)

2. On April 27, 2015, Plaintiff was examined by Dr. Romero to address Plaintiff's dyslipidemia and related health concerns. Dr. Romero apparently prescribed atorvastatin at that time. (Declaration of Showalter, ¶ 3, Ex. A.)

///

3. Dr. Barbara Showalter did not examine Plaintiff on April 27, 2015. (Declaration of Showalter, ¶ 4, Ex. A.)

4. Dr. Showalter began her employment as a physician at CCWF on May 4, 2015. (Declaration of Showalter, ¶ 5, Ex. B.)

5. On May 26, 2015, Dr. Showalter signed an order stopping Plaintiff's prescription for atorvastatin. (Declaration of Showalter, ¶ 6, Ex. A.)

**C. Analysis of Defendant's Motion**

Defendant argues that she was not employed at CCWF at the time of the treatment at issue, and Plaintiff's difference of opinion is inadequate to support a claim for deliberate indifference.

Plaintiff disputes that Dr. Showalter's claim that she did not treat her on April 27, 2015. Plaintiff contends that she intends to call nursing staff that were on duty during the examination to show that Dr. Showalter was on the premises and treating inmates.

Dr. Showalter declares and submits evidence that she was not employed at CCWF on April 27, 2015, the date at issue in this action. Plaintiff fails to provide any evidence to support her contention that Dr. Showalter was employed at CCWF on April 27, 2015, or that she provided treatment to her on this date. Rather, the evidence before the Court demonstrates that Dr. Showalter did not begin her employment at CCWF until May 4, 2015. (Declaration of Showalter, ¶ 5, Ex. B [Notice of Personnel Action, effective date at CCWF on May 4, 2015].) Furthermore, on May 26, 2015, Dr. Showalter stopped Plaintiff's prescription for atorvastatin, which was previously prescribed on April 27, 2015, by Dr. Romero. (Declaration of Showalter, ¶ 3, Ex. A.) Accordingly, based on undisputed evidence, Defendant Dr. Showalter is entitled to summary judgment as a matter of law.

**IV.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Dr. Showalter's motion for summary judgment be granted; and

2. The Clerk of Court be directed to enter judgment in favor of Dr. Showalter.

///

///

4

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 24, 2019**

UNITED STATES MAGISTRATE JUDGE